UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LYNN HUMPHREY II,

        Petitioner,

                                                               CASE NO. 08-CV-14605
v.                                                HONORABLE GEORGE CARAM STEEH

DEBRA L. SCUTT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Jeffrey Lynn Humphrey II, a Michigan prisoner, is challenging convictions for armed robbery, conspiracy to commit armed robbery, escape while awaiting trial, conspiracy to escape, and two counts of possession of a firearm during the commission of a felony which were imposed followed a jury trial in the Oakland County Circuit Court in 2006. Petitioner was sentenced to concurrent terms of 25 to 50 years imprisonment on the robbery convictions, two to four years imprisonment on the escape convictions, and two years imprisonment on the felony firearm convictions to be served consecutively to the other sentences. For the reasons stated herein, the Court dismisses without prejudice the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**II.    Analysis**

1

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner states that he has a motion for relief from judgment pending in the Oakland County Circuit Court concerning the convictions challenged in this petition. Petitioner must complete the state court process before seeking habeas relief in this Court. *See Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Even if Petitioner's pending motion does not concern his current claims, that proceeding may result in the reversal of Petitioner's convictions on other grounds, thus mooting the federal questions presented. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983); *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *see also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000).

In his request for relief, Petitioner asks the Court to hold his petition in abeyance pending

the resolution of his motion for relief from judgment in the state courts. A federal district court has discretion to stay mixed habeas petitions, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner, however, has not shown the need for a stay. First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on February 27, 2008. The one-year period will also be tolled during the time in which his motion for relief from judgment and related appeals are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). At a minimum, Petitioner has five months remaining of the one-year period to seek habeas review. (He may have more time – depending

3

on when he filed his motion for relief from judgment with the trial court). Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court. Second, Petitioner has not shown good cause for failing to fully exhaust all of his potential claims in the state courts before proceeding in federal court on habeas review. Lastly, Petitioner does not indicate what additional claims he is pursuing in his state court motion for relief from judgment. The Court is therefore unable to determine whether those issues are plainly meritless or whether they concern matters of federal law which may warrant further review. Under such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner has a matter pending in the state courts concerning the convictions at issue in this case. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*,

529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

Dated: November 5, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 5, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

5